FILED
NOV 28 2023
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 23- 251 |
| CHARLES W. LANTZMAN | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and James R. Wilson and William B. Guappone, Assistant United States Attorneys for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a nine-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-6 | Wire Fraud<br>Count One: On or about December 5, 2018<br>Count Two: On or about December 6, 2018<br>Count Three: On or about January 25, 2019<br>Count Four: On or about February 6, 2019<br>Count Five: On or about January 28, 2019<br>Count Six: On or about March 27, 2019 | 18 U.S.C. § 1343 |
| 7-9 | Money Laundering<br>Count Seven: On or about December 19, 2018<br>Count Eight: On or about March 1, 2019<br>Count Nine: On or about March 26, 2019 | 18 U.S.C. § 1957(a) |

## II. ELEMENTS OF THE OFFENSES

**A.     As to Counts 1 through 6:**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant devised a scheme to defraud or to obtain money or property or the intangible right of honest services by materially false or fraudulent pretenses, representations or promises or knowingly and intentionally participated in such a scheme with knowledge of its fraudulent nature;

2.     That the defendant acted with the intent to defraud; and

3.     That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

> Third Circuit Model Criminal Jury Instruction 6.18.1343; United States v. Scarfo, 41 F.4th 136, 198 (3d Cir. 2022); United States v. Lacerda, 958 F.3d 196, 225 (3d Cir. 2020).

**B.     As to Counts 7 through 9:**

In order for the crime of Money Laundering, in violation of 18 U.S.C. § 1957(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant knowingly engaged in a "monetary transaction."

2.     The value of the funds or monetary instrument involved in the transaction or attempted transaction exceeded $10,000.00.

3. The defendant knew that the funds or monetary instrument involved in the transaction or attempted transaction constituted "criminally derived property."

4. The property involved in the transaction (i.e., the funds or monetary instrument) was, in fact, the proceeds of "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7).

5. That the offense took place in the United States or in a special maritime or territorial jurisdiction of the United States.

        Authority:    18 U.S.C. §§ 1957(a), 1957(d)(1), 1957(f)(1) and 1957(f)(2).

### III. PENALTIES

**A.**     **As to Counts 1 through 6: Wire Fraud (18 U.S.C. § 1343):**

1. Imprisonment for not more than twenty (20) years;

2. A fine not more than the greater of:

    (a)     $250,000 (18 U.S.C. § 3571(b)(3))

<u>or</u>

    (b)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2));

4. Any or all of the above.

**B.**     **As to Counts 7 through 9: Money Laundering (18 U.S.C. § 1957(a):**

1. Imprisonment of not more than ten (10) years;

3

2. A fine of not more than the greater of:

    (a) $250,000 (18 U.S.C. § 3571(b)(3))

or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)):

or

    (c) twice the amount of the criminally derived property involved in the transaction (18 U.S.C. § 1957(b)(2)).;

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2));

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution is mandatory for Counts One through Six, pursuant to 18 U.S.C. § 3663A. The Court may also order restitution as to Counts Seven through Nine pursuant to 18 U.S.C. § 3663.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture is applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*s/ James R. Wilson*
JAMES R. WILSON
Assistant United States Attorney
PA ID No. 27648

*s/ William B. Guappone*
WILLIAM B. GUAPPONE
Assistant United States Attorney
NC ID No. 46075